David **NELSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47312.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied Feb. 27, 1974.

L. Clifford Davis, Fort Worth (Court appointed on appeal), for appellant.

Tim Curry, Dist. Atty., Marvin D. Snodgrass, Clint D. Starr and Howard M. Fender, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary; the punishment, ten years' imprisonment.

The appellant argues in his first two grounds of error that the trial court committed reversible error in admitting in evidence a set of headphones (State's Exhibit No. 1) as well as testimony concerning them, and in failing to declare a mistrial because of the admission of this evidence. The owner of the burglarized firm testified that a set of Sharp brand stereophonic headphones No. HA10A had been taken in the burglary. Officer L. C. Kennedy said he found a set of Sharp stereophonic headphones in appellant's apartment several months after the burglary although the appellant was not present when the search was conducted. There was no positive identification of State's Exhibit 1 as the same headphones taken in the burglary. However, the owner of the burglarized premises testified that he was the sole dealer in Sharp stereophonic equipment in Fort Worth and Tarrant County. When the headphones were offered in evidence the appellant's objection was that:

"There is no showing in any way that these items have been identified as items that were taken from the attempted burglary . . . There has been no connection at all with these items . . . without connecting them up, we feel would—the proper predicate has not been laid for the introduction of them at this time."

The Court did not err in overruling the objection voiced. The failure of the positive identification of the headphones as the identical ones taken in the burglary did not render them inadmissible. See, e. g., Overton v. State, 490 S.W.2d 556 (Tex.Cr.App. 1973); 11A Tex.Digest, Criminal Law, ☞404(4).[1]

However, when Officer Kennedy testified on redirect examination that he did not know where appellant lived on the day the search was made except by hearsay ev-

---

1. Lack of positive identification would not preclude the admission of the headphones and their consideration as circumstantial evidence. This is not to be confused with the rule that where evidence of possession of recently stolen property is relied upon for conviction, it must be shown that the property was the identical property taken from the burglarized place. Nichols v. State, 479 S.W.2d 277 (Tex.Cr. App.1972); Green v. State, 31 S.W. 386 (Tex.Cr.App.1895); and it is not sufficient identification to show that goods were of the same brand as those stolen. Nichols v. State, supra and Oliver v. State, 69 Tex.Cr.R. 263, 153 S.W. 309 (1913).

idence which was stricken, the Court promptly on request withdrew the Exhibit from the jury's consideration for any purpose whatsoever. No further relief by way of motion for mistrial was requested until the next day of the trial after the State had rested. The motion for mistrial was untimely made. See Hopkins v. State, 480 S.W.2d 212 (Tex.Cr.App.1972). There is no indication in the record that the State offered the withdrawn evidence in bad faith. See Keel v. State, 434 S.W.2d 687 (Tex.Cr.App.1968); Brito v. State, 459 S.W.2d 834 (Tex.Cr.App.1970); Craig v. State, 480 S.W.2d 680 (Tex.Cr.App.1972) and Childs v. State, 491 S.W.2d 907 (Tex. Cr.App.1973). The trial court's rulings were proper when made and we conclude that reversal on the grounds urged is not called for.

The appellant's third ground of error is that the evidence is insufficient to support the verdict. The State relied upon circumstantial evidence and the jury was so instructed. Two fingerprints identified by an expert witness as matching those of the appellant were found on the inside of a clean glass window near where it had been broken and entry made by the burglar or burglars. The store manager had never seen the appellant on the premises and there was no evidence that he had ever been there before the burglary.

When circumstantial evidence is relied upon it must be sufficient to exclude every other reasonable hypothesis except that of the appellant's guilt. See Dues v. State, 456 S.W.2d 116 (Tex.Cr.App.1970). The presence of his fingerprints alone is sufficient to prove the identity of the burglar if such fingerprints must necessarily have been made at the time of the burglary. Dues v. State, supra; Mann v. State, 420 S.W.2d 614 (Tex.Cr.App.1967); Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211 (1941). See also Le Blanc v. State, 424 S.W.2d 434 (Tex.Cr.App.1968); Rodriguez v. State, 419 S.W.2d 372 (Tex.Cr.App. 1967); Gonzales v. State, 399 S.W.2d 360

(Tex.Cr.App.1966). Cf. Caudillo v. State, 167 Tex.Cr.R. 147, 318 S.W.2d 891 (1958).

The evidence in this case is sufficient to warrant a finding that appellant's fingerprints must necessarily have been made at the time of the burglary and thus to exclude every other reasonable hypothesis except appellant's guilt. We find the evidence sufficient to support the jury's verdict.

The appellant next objects to the denial of a change of venue and the overruling of a motion for continuance by the trial court. He contended that he could not get a fair trial in Tarrant County because at the time of trial he was also under a charge of murder of a Fort Worth police officer. The appellant had been arrested for the murder approximately ten months before the instant trial, and he attempted to show the case had received wide publicity in the news media at that time. The evidence presented to the Court at a hearing on the motion, however, was conflicting on the question whether appellant could get a fair and impartial trial in Tarrant County. On the record before this Court we find no abuse of discretion in overruling appellant's motion. See Article 31.03, Vernon's Ann.C.C.P.; see and compare Creel v. State, 493 S.W.2d 814 (Tex.Cr.App.1973); Ward v. State, 427 S.W.2d 876 (Tex.Cr.App.1968); Clifford v. State, 424 S.W.2d 233 (Tex.Cr.App.1968).

After the motion for change of venue was denied appellant filed a motion for continuance based on the same grounds as the motion for change of venue. This motion was addressed to the discretion of the trial court and we find no abuse of discretion in the Court's action. See Hernandez v. State, 492 S.W.2d 466 (Tex.Cr. App.1973); Ward v. State, supra; Coleman v. State, 481 S.W.2d 872 (Tex.Cr.App. 1972).

The appellant's last ground of error complains of the admission of testimo-

**274**

ny that the appellant's reputation as a peaceful and law abiding citizen was bad. This evidence was admitted at the punishment phase of the trial under the provisions of Article 37.07, V.A.C.C.P. and does not present error.

The judgment is affirmed.

Opinion approved by the Court.