cr1-538 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-538-CR





WILLIE WILRITCH, a/k/a WILLIE R. WILRITCH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 90-197, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 





 On the jury's verdict, the trial court convicted Willie Wilritch of burglary of a
habitation and sentenced him to an enhanced punishment of thirty-years imprisonment. Tex. Penal
Code Ann. §§ 12.42(c) (West Supp. 1993), 30.02 (West 1980). Wilritch appeals. We will affirm
the judgment.



CHAIN OF CUSTODY


 The evidence was undisputed and revealed the following. Between July 4 and July
6, 1990, a burglar took various items of property from the residence of Andrew Ledesma, Jr., in
Caldwell County. Deputy sheriffs James Blanton and Ed Morgan investigated the crime on July
6, 1990.

 Morgan discovered latent fingerprints on a bathroom mirror and "lifted" them onto
a card that measured three by five inches. Without marking the card, he placed it in his pocket
and locked it in the trunk of his car afterwards. The next morning, Morgan took the card to the
sheriff's office where he affixed it to the Ledesma case file. Mark Hanna, an investigator
assigned to the case, saw the card in the case file a few days later. The file cabinet in which the
Ledesma case file was stored in the sheriff's office is a secure cabinet to which the general public
does not have access. The card remained there until January 18, 1991, when Hanna delivered it
to Glen Unnasch, a latent fingerprint examiner for the Department of Public Safety in Austin. 

 On receiving the card in Austin, on January 18, 1991, Unnasch analyzed the prints
that day and stored the card in the Department's file cabinet. Only four other examiners have
keys to the cabinet. Unnasch brought the card to the trial court on October 29, 1991. He testified
the prints were Wilritch's. Morgan identified the card as being the card onto which he had
"lifted" the fingerprints taken from the mirror in the Ledesma residence. He explained that his
identification was based on the special way he folded back the tape on the card and the number
and position of the prints on the card.

 In his first point of error, Wilritch contends the trial court erroneously admitted the
card in evidence because it was not properly authenticated.

 When an item lacks a unique or distinctive appearance, the prosecution must
establish a chain of custody to show that the object is what the prosecution claims it is. Wilritch
concedes that any breaks in the chain pertain to the weight of the evidence, not to its admissibility,
once the State establishes the beginning and end of the chain of custody. See Gallegos v. State,
776 S.W.2d 312, 315-16 (Tex. App.--Houston [1st Dist.] 1989, no pet.). He contends, however,
that the State failed in this instance to establish the beginning of the chain of custody because
Morgan did not make any distinguishing marks on the card when he "lifted" the prints from the
mirror.

 Authentication is satisfied by "evidence sufficient to support a finding that the
matter in question is what its proponent claims." Tex. R. Crim. Evid. 901(a). The testimony of
a witness with knowledge that an item is what it is claimed to be is an example of authentication
sufficient to meet the requirement. Tex. R. Crim. Evid. 901(b)(1). Morgan's testimony,
identifying the card as the one used by him in "lifting" the prints, satisfied this requirement. 
Marking the item is proper, of course, but the absence of a marking does not render the item
inadmissible when there is no showing that the evidence was altered. See Hudson v. State, 642
S.W.2d 562, 565 (Tex. App.--Fort Worth 1982, pet. ref'd). It is irrelevant that Morgan is not a
fingerprint expert and that he did not himself test whether the prints on the card were identical to
those on the mirror.

 Wilritch also complains of the admission of the card in evidence on the basis of the
time that elapsed between the "lifting" of the prints (July 6, 1990) and their delivery to Unnasch
(January 18, 1991), a period of about six months. We reject the complaint. Absent any evidence
of tampering with a properly identified item, any questions about its care and custody go to its
weight as evidence and not to its admissibility. We hold the trial court did not abuse its discretion
in admitting the card in evidence under the testimony summarized above. See Werner v. State,
711 S.W.2d 639, 643 (Tex. Crim. App. 1986); Jackson v. State, 575 S.W.2d 567, 579 (Tex.
Crim. App. 1979). We overrule Wilritch's first point of error.



ACCOMPLICE-WITNESS SUBMISSION


 Gary Lee Stout, called by the State, testified that on July 6, 1990, he purchased
certain items of personal property from Wilritch and two other men for the total sum of $199. 
The purchase was preceded by negotiations that took place in a parking lot; the sellers delivered
the items to Stout from the back of a truck down the street. The items included a circular saw,
television set, drill, microwave oven, and a chain saw. At trial, the State introduced these as
items allegedly taken from the Ledesma residence.

 In his second point of error, Wilritch contends the trial court erred by failing to
submit to the jury whether Stout was an accomplice and, thus, a witness who required
corroboration. An "accomplice" is one who may be prosecuted for the same offense with which
the defendant is charged. Crank v. State, 761 S.W.2d 328, 349 (Tex. Crim. App. 1988); Carrillo
v. State, 591 S.W.2d 876, 882 (Tex. Crim. App. 1979). It is not enough that a witness to a crime
fails to disclose it. Carrillo, 591 S.W.2d at 892. Nor is it enough that the witness participated
with the defendant in a subsequent offense. Crank, 761 S.W.2d at 349; Carrillo, 591 S.W.2d at
883.

 The record contains no evidence that Stout acted to promote, encourage, assist, or
participate in the Ledesma burglary. See Tex. Penal Code Ann. § 7.02 (West 1974). There is
no evidence Stout knew the purchased property was stolen. Further, even if he did know the
property was stolen, that would not make him an accomplice to Wilritch's offense. See id. We
hold there is no evidence Stout was an accomplice. Wilritch therefore was not entitled to the jury
submission he requested. See Harris v. State, 738 S.W.2d 207, 216 (Tex. Crim. App. 1986). 
We overrule Wilritch's second point of error.



PROPERTY IDENTIFICATION


 In points of error three through ten, Wilritch argues the trial court erred in
admitting in evidence several articles of personal property allegedly taken in the burglary,
contending they were not sufficiently identified. On direct examination, Ledesma identified the
articles as his property; on cross examination, he conceded he could not say for certain that all
were the items taken from his residence. His failure to positively identify an item as the one taken
in the burglary did not preclude its admission as circumstantial evidence. Nelson v. State, 505
S.W.2d 271, 271 n.1 (Tex. Crim. App. 1974). It is sufficient for admissibility that the item
appears to be the same as that taken. Overton v. State, 490 S.W.2d 556, 560 (Tex. Crim. App.
1973). This is to be distinguished from the case in which the prosecution relies solely upon the
defendant's unexplained possession of the property in order to convict; in such instances, a
positive identification of the property is required. Reyes v. State, 468 S.W.2d 64, 66 (Tex. Crim.
App. 1971). Such is not the case here. The fingerprints placed Wilritch at the Ledesma
residence, and Ledesma testified that he had never seen Wilritch before and never gave him
permission to enter the residence. See Nelson, 505 S.W.2d at 273. We overrule points of error
three though ten.

 In light of our holdings above, it is unnecessary to address Wilritch's eleventh point
of error in which he complains of the trial court's failure to sustain his motion for a directed
verdict.

 We affirm the trial-court judgment.



 

 John Powers, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 30, 1993

[Do Not Publish]