Jerry Glen McCLESKEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–95–055CR.

Court of Appeals of Texas, Beaumont.

Submitted March 28, 1996.

Decided June 5, 1996.

Stephen C. Taylor, Galveston, for appellant.

John S. Holleman, District Attorney, Livingston, for the State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Jerry Glen McCleskey was found guilty by a jury of burglary of a habitation and sentenced by the court to forty years' confinement in the Institutional Division of the Texas Department of Corrections. McCleskey raises six points of error.

TEX.PENAL CODE ANN. § 30.02(a)(1) & (3) (Vernon 1994) provides a person commits burglary if, without the effective consent of the owner, he enters a habitation with intent to commit theft or enters a habitation and commits or attempts to commit theft. In his first point of error, McCleskey contends the evidence was legally insufficient to support his conviction for burglary in that the State failed to prove, beyond a reasonable doubt, that he entered the habitation.

In reviewing the sufficiency of the evidence, we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Rabbani v. State,* 847 S.W.2d 555, 558 (Tex.Crim. App.1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1993). This is true whether the evidence is direct or circumstantial. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). The trier of fact can draw reasonable inferences and make deductions from the evidence. *Wawrykow v. State,* 866 S.W.2d 87, 88–89 (Tex.App.— Beaumont 1993, pet. ref'd).

In the present case, the State's only evidence consisted of fingerprints on the broken window pane at the point of entry being identified as McCleskey's. No fingerprints inside the house were identified as McCleskey's; there was no evidence McCleskey was seen in the house or in the area during the ten-day period in which the burglary occurred; and there was no evidence of stolen goods being found in his possession.

A fingerprint outside the habitation has been held to be insufficient evidence, standing alone, of entry. In *Hood v. State,* 860 S.W.2d 931, 933 (Tex.App.—Texarkana 1993, no pet.), a fingerprint identified as appellant's was found on the outside just below a broken window pane. The court found "[t]he fingerprint does not demonstrate that [appellant] actually entered the home, and therefore, although the fingerprint does provide some evidence that [appellant] may have been at the home at some time, it does not, in itself, establish that he committed the burglary." *Id.* at 934. The court noted that in *Phelps v. State,* 594 S.W.2d 434, 436 (Tex. Crim.App.1980), where fingerprints alone were sufficient to sustain a conviction, the fingerprints were found *inside* the home. *Accord Gomez v. State,* 905 S.W.2d 735 (Tex. App.—Houston [14th Dist.] 1995, pet. granted); *Penton v. State,* 799 S.W.2d 364 (Tex. App.—Houston [14th Dist.] 1990, no pet.); *Nieto v. State,* 767 S.W.2d 905 (Tex.App.— Corpus Christi 1989, no pet.). *See also Walker v. State,* 652 S.W.2d 438 (Tex.App.— Tyler 1983, pet. ref'd) (prints were found on inside, as well as outside, of glass pane removed to gain entry).

A number of cases have found the evidence sufficient where an appellant's fingerprints were found at the point of entry and witness' testimony placed a strange person *inside* the habitation at such a time as indicated the prints were necessarily made at the time of the burglary. *Brown v. State,* 881 S.W.2d 582 (Tex.App.—Corpus Christi 1994, no pet); *Mathew v. State,* 839 S.W.2d 110 (Tex.App.— Corpus Christi 1992, no pet.); *Koster v. State,* 773 S.W.2d 763 (Tex.App.—Beaumont 1989, pet ref'd); *Nguyen v. State,* 783 S.W.2d 1 (Tex.App.—Dallas, 1989, no pet.); *Servin v.*

*State,* 745 S.W.2d 40 (Tex.App.—Houston [14th Dist.] 1987, no pet.); *Washington v. State,* 721 S.W.2d 502 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).

Where an appellant's fingerprints were found on the outside at the point of entry and the court found sufficient evidence to sustain the conviction, other evidence implicated appellant. In *Smith v. State,* 768 S.W.2d 478 (Tex.App.—Houston [1st Dist.] 1989, no pet.), in addition to appellant's fingerprints on the outside of the store window, stolen goods were found in appellant's possession and appellant gave an alias when arrested. Similarly, in *Lanes v. State,* 711 S.W.2d 403 (Tex. App.—Beaumont 1986), *reversed on other grounds,* 767 S.W.2d 789 (Tex.Crim.App. 1989), not only were appellant's fingerprints found on the outside of a window at the point of entry but the window was on an entirely screened-in back porch and the screen had been cut. And in *Anderson v. State,* 672 S.W.2d 14 (Tex.App.—Houston [14th Dist.] 1984, no pet.), the window screen was removed and the prints were found on the glass underneath.

Likewise, in *Broussard v. State,* 658 S.W.2d 784 (Tex.App.—Beaumont 1983, no pet.), appellant's fingerprints were on the broken window where entry was made and appellant testified to having been there and putting his head inside window. In *Jones v. State,* 825 S.W.2d 529, 531 (Tex.App.—Fort Worth 1992, pet. ref'd), the court found where there was evidence of mud beneath the kitchen window, a window screen lying in the mud near the window, muddy footprints on the ground adjacent to the window, on and around the kitchen sink, in the kitchen and throughout the house *together* with evidence of appellant's fingerprint on the removed screen, there was sufficient evidence to support appellant's conviction. The Court of Criminal Appeals found the evidence sufficient where prints were found on glass that was removed by hand from the putty around the window pane after the window was broken. *Mann v. State,* 420 S.W.2d 614 (Tex. Crim.App.1967).

The case at hand is clearly distinguishable from all of the above cases with the exception of *Hood* to which it is clearly analogous. The *only* evidence put forth by the State is the fingerprint on the outside window. Therefore, there is no demonstration that McCleskey actually entered the home and although the fingerprint provides evidence he may have been there at some time, it does not, in itself, establish he committed the burglary. *Hood,* 860 S.W.2d at 933. Point of error one is sustained; therefore it is unnecessary to address the remaining points of error.

The evidence being insufficient to sustain the conviction, the judgment is reversed and an acquittal ordered. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

REVERSED AND ACQUITTED.