Affirmed and Memorandum Opinion filed May 17, 2007








Affirmed and Memorandum Opinion filed May 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01125-CR

_______________

 

LIONEL NEWMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1043620

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

A jury
found appellant, Lionel Newman, guilty of burglary of a habitation, and the
trial court sentenced him to thirty-five years= confinement.  In two issues,
appellant contends  (1) the evidence is legally and factually insufficient to
support his conviction and (2) the trial court erred by denying his requested
jury instruction on burglary of a building.  Because all dispositive issues are
clearly settled in law, we issue this memorandum opinion and affirm.  See
Tex. R. App. P. 47.4.       








I.  Background 

On the
morning of May 6, 2000, Dr. Victor Zurita, complainant, awoke when he heard the
sound of glass breaking on the first floor of his home.  He went downstairs to
investigate.  He saw an African-American man entering his house through a
broken window with one arm and one leg inside the house.  Zurita yelled at him,
AGet away.@  The man took off running through
the garage.  Zurita heard a car drive away.  Zurita woke up his wife and
sister-in-law who were also sleeping in the house.  His wife called the
police.  

Houston
Police Officer Steven Derrick arrived twenty minutes later.  Zurita went with
Officer Derrick to search the back of the house, where the broken window was
located.  They observed that the garage door was open and saw an old computer,
monitor, and large toy car neatly stacked outside the garage.  Zurita testified
that the garage door was closed and unlocked the night before and the computer,
monitor, and toy car were inside the garage.  Officer Derrick observed
fingerprints on the broken window.  Officer John Gray, a Houston police
fingerprint analyst, came to the scene to recover the prints on the glass from
the broken window.  Officer Rafael Saldiver, a latent print examiner for the
Houston police, reviewed the prints and determined they matched appellant=s fingerprints. 

II.  Sufficiency of the Evidence

In his
first issue, appellant contends the evidence is legally and factually
insufficient.  Specifically, appellant contends (1) the witness did not
positively identify appellant at trial, and (2) the State did not prove how
appellant=s fingerprints were left on complainant=s broken window.  










In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and then determine whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Salinas
v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the
sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  

In a factual sufficiency review, we view all the evidence
in a neutral light and set aside the verdict Aonly if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.@  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (en banc) (quoting Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (en banc)).  Before we
may reverse for factual insufficiency, we must first be able to conclude, with
some objective basis in the record, that the great weight and preponderance of
the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  When reviewing
evidence, we must avoid intruding on the factfinder=s role as the sole
judge of the weight and credibility of the witness testimony.   Johnson v.
State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000) (en banc).    We do not
re-evaluate the credibility of witnesses or the weight of evidence, and will
not substitute our judgment for that of the factfinder.  Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App. 1998).  Finally, we must discuss the most
important and relevant evidence that supports the appellant=s appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  








A person
commits burglary of a habitation if, without the consent of the owner, the
person enters the habitation and commits or attempts to commit a felony, theft,
or assault.  Tex. Penal Code Ann.
' 30.02(a)(3) (Vernon 2003).  AEnter@ is defined as intruding with any
part of the body.  Tex. Penal Code Ann.
' 30.02(b)(1) (Vernon 2003). A person
commits theft if he appropriates property without the owner=s effective consent with intent to
deprive the owner of the property.  Tex.
Penal Code Ann. ' 31.03(a), (b)(1) (Vernon Supp. 2006). 

We first
address appellant=s argument regarding the fingerprints.  Appellant contends
the evidence is insufficient because the State did not prove how appellant=s fingerprints appeared on the broken
glass at the point of entry to Zurita=s home.  We disagree.  

The
presence of fingerprints alone is sufficient to prove identity of a burglar if
the evidence shows that the fingerprints were made at the time of the
burglary.  Nelson v. State, 505 S.W.2d 271, 273 (Tex. Crim. App. 1974); Washington
v. State, 721 S.W.2d 502, 504 (Tex. App.CHouston [14th Dist.] 1986, pet. ref=d).  When evaluating the sufficiency
of fingerprint evidence, one of the most important factors to be considered is
the extent to which the fingerprinted object was accessible to the defendant.  Phelps
v. State, 594 S.W.2d 434, 436 (Tex. Crim. App. 1980).  For example, whether
the circumstances negate the possibility that the defendant may have touched
the object at some other time.  Id.  Moreover, whether fingerprint
evidence is sufficient to sustain a conviction depends on the facts and
circumstances of each case.  Id.  








In this
case, the broken window faced a fenced backyard.  The burglar entered and
exited the backyard through Zurita=s closed garage.  This window was not
particularly accessible to the public, nor was it located on public land.  In Nelson,
the Court of Criminal Appeals upheld the use of the fingerprint identification
as the only means of identifying the defendant when prints were found on a
glass window near the point of entry in a public building.  505 S.W.2d at 273. 
The court considered the fact that the store manager had never seen the
defendant on the premises and there was no evidence that the defendant had ever
been there before the burglary.  Id.  Similarly, Zurita testified he had
never seen appellant before the burglary.  Further, there is no evidence in the
record suggesting appellant had ever been to Zurita=s residence much less to his private,
enclosed backyard before the burglary.  Appellant contends a fingerprint outside
of a habitation alone is insufficient evidence  to support a conviction and
cites Hood v. State, 860 S.W.2d 931, 934 (Tex. App.CTexarkana 1993, no pet.) and McClesky
v. State, 924 S.W.2d 427, 428 (Tex. App.CBeaumont 1996, no pet.).  In Hood,
the complainant=s home was burglarized while the complainant was out of
town.  860 S.W.2d at 933.  The defendant had previously performed maintenance
work at the complainant=s home where the burglary occurred.  Id. at 934.  As a
result, the court reasoned that the fingerprint only provided some evidence
that the defendant Amay have been at the home at some time@ but it did not in itself establish
that he committed the burglary.  Id.  In addition, the defendant=s girlfriend had confessed to and was
convicted of the burlgary and claimed to have committed the burglary without
the defendant.  Id.  The court held the fingerprint alone was
insufficient to prove entry into the home  because no evidence placed the
defendant in the home or in possession of the stolen property. Id. at
937.  

Hood is distinguishable because in this
case there is no evidence in the record that appellant had any prior connection
to Zurita=s residence.  No one saw him near Zurita=s home before the burglary.  No other
person has been implicated in the burglary.  Moreover, the burglar was observed
by Zurita as he was entering Zurita=s home through the broken window.  








Appellant
also cites McCleskey v. State, in support of his argument that a
fingerprint alone, outside of a habitation, is insufficient to support a
conviction.  924 S.W.2d 427.  However, the McCleskey court noted that
numerous courts have concluded the evidence was sufficient where a defendant=s Afingerprints were found at the point
of entry and witness= testimony placed a strange person inside habitation at such
a time as indicated the prints were necessarily made at the time of the
burglary.@  Id. at 429 (citing Brown v. State, 881 S.W.2d 582 (Tex.
App.CCorpus Christi 1994, no pet.); Mathew
v. State, 839 S.W.2d 110 (Tex. App.CCorpus Christi 1992, no pet.); Koster
v. State, 773 S.W.2d 763 (Tex. App.CBeaumont 1989, pet. ref=d); Nguyen v. State, 783
S.W.2d 1 (Tex. App.CDallas  1989, no pet.); Servin v. State, 745 S.W.2d 40
(Tex. App.CHouston [14th Dist.] 1987, no pet.); Washington, 721 S.W.2d at 502). 
In this case, as in the cases cited by the McCleskey  court, Zurita=s witness testimony placed a Astrange person@ attempting to enter his home through
the broken window from which the prints were recovered.  Specifically, Zurita
testified that he saw the burglar=s head.  The burglar had one arm and
one leg inside the house.  

Appellant
also cites Blevins v. State to support his arguments regarding
sufficiency of fingerprint evidence.  6 S.W.3d 566 (Tex. App.CTyler 1999, pet. ref=d).  In Blevins, fingerprints
were found on the inside and outside of a broken window at the point of entry. 
Id. at 569.  The fingerprint analyst did not testify whether the
readable fingerprints were found on the inside or the outside of the window.  Id. 
The court found the fingerprints alone were not sufficient  to support a
conviction because there was no evidence showing the prints were necessarily
made at the time of the burglary.  Id. at 570.  Moreover, the Blevins
court specifically explained, A[t]he majority=s opinion today does not state that
a conviction for burglary cannot be upheld unless the defendant=s fingerprints are found inside the
habitation.@  Id. at 569 (emphasis added).

Here, in
addition to observing the burglar entering through the window at the time of
the burglary, Zurita testified that he heard glass break three times before he
went downstairs.  The window frame had been damaged and there were pry marks on
the window.  Officer Gray, the fingerprint analyst who recovered the
fingerprints at the scene, testified that it was his opinion the fingerprints
were left by someone trying to remove the glass out of the broken window
because the fingerprints were left in a  Avery clean, neat manner, as if
someone were to break a piece of glass out . . . and set it down near the point
of entry.@  He also noted that the fingerprints were Aincredibly clear@ and that he normally does not find
prints as clear as these.  Officer Saldiver, the latent print examiner, testified
as to the identification procedure and that the latent prints recovered by
Officer Gray belonged to appellant.  Accordingly, we find the fingerprint
evidence sufficient to support appellant=s conviction.










We next address appellant=s argument regarding the in-court
identification.  Appellant contends the evidence is insufficient because Zurita
could not positively identify appellant during the trial.  Specifically, at
trial Zurita said he thought appellant was the burglar but then noted, AI am not quite sure because it was
not totally clear.  It was still a little dark.@  

The State may prove identity by direct or circumstantial
evidence.  Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986).  A
witness=s failure to make an in-court
identification only goes to the weight and credibility of the witness=s testimony for the jury to
consider.  Id.  Moreover, if other evidence shows that a defendant was
the perpetrator of a criminal offense, the complainant=s failure to positively identify the
defendant in court does not render the verdict improper.  Conyers v. State,
864 S.W.2d 739, 740 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d).  

 In this case, appellant=s fingerprints were found on the
broken glass at the point of entry into the habitation.  As we previously
explained, the presence of the fingerprints are sufficient evidence of
appellant=s commission of the burglary.  The fingerprints are Aother evidence@ showing appellant committed the
offense despite the tentative in-court identification.  

Nonetheless, appellant also contends Athe evidence which tends to disprove
the appellant=s identity as the burglar overwhelmingly outweighs the evidence showing
that he is the burglar.@  Appellant notes that the State failed to present evidence
that appellant was not one of the construction workers, the State did not take
fingerprint evidence of the construction workers to rule them out as the
burglar, and police did not try to take fingerprints of the computer monitor or
toy car.  Appellant also notes there was no evidence he possessed any items
from Zurita=s home and he was not arrested at the scene.  All of these factors do not
outweigh the evidence presented by the State that appellant burglarized the
home.  Moreover, Officer Gray testified that he did not check for fingerprints
on the computer monitor or the toy car because it is difficult to recover
usable fingerprints from












plastic
surfaces or the frosted screen on a computer monitor. 

Examining
the evidence in the light most favorable to the verdict, we conclude that a
reasonable jury could have found that appellant burglarized Zurita=s habitation and find the evidence
legally sufficient.  Viewing the evidence in a neutral light, we conclude that
the jury=s verdict is not contrary to the
great weight and preponderance of the evidence and find the evidence factually
sufficient.   Accordingly, we overrule appellant=s first issue.  

III.  Jury Instruction 

In his
second issue, appellant contends the trial court erred by denying his request
for a jury instruction on the lesser-included offense of burglary of a
building.  Specifically, appellant contends the fact that complainant=s home had been Aunder substantial construction@ for remodeling could have rendered
the home unsuitable for overnight accommodation and constituted evidence that
the burglar entered a building instead of a habitation.  However, appellant=s argument on appeal does not comport
with his objection at trial.  At trial, appellant=s counsel requested that the
instruction regarding the lesser-included offense of burglary of a building be
included in the jury charge because the garage was Adetached from the residence and any
property that was reported to be stolen didn=t come out of the residence.  It just
came out of the garage.@  Appellant=s rationale for the requested instruction differs
substantially and does not comport with the rationale for his request at
trial.  Because appellant=s argument on appeal does not comport with his objection at
trial, his complaint  is not preserved for review.  See Penry v. State,
903 S.W.2d 715, 753 (Tex. Crim. App. 1995);  Drew v. State, 76 S.W.3d
436, 462 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  We overrule appellant=s second issue. 

 

 

 

 












Accordingly, the
judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed May 17, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).