In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00856-CR & 01-06-00857-CR
____________

DEVRICK DWAIN HUBBARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court 
Harris County, Texas
Trial Court Cause Nos. 1075440 & 1034455




MEMORANDUM OPINION
          A jury convicted appellant, Devrick Dwain Hubbard, of aggravated
kidnapping and aggravated robbery. The trial court assessed punishment at ten
years in prison for each conviction. See Tex. Penal Code Ann. §§ 29.03(a)(2),
20.04(b), 12.32 (Vernon 2003). We determine (1) whether the evidence was
legally and factually sufficient to prove appellant’s participation in the robbery and
kidnapping; (2) whether appellant waived error by affirmatively stating that he had
no objection to the admission of evidence that he had tried to suppress; and (3)
whether trial counsel was ineffective for stating that he had no objection. We
affirm.
Background
          On the morning of Saturday, July 9, 2005, Marcus Roberts was accosted by
two masked men while making a delivery of prescription drugs to a Walgreen’s
Drug Store. Roberts had pulled his pickup truck, which had an attached trailer, up
to the rear door of the store and exited his truck when two masked men with guns
approached him and ordered Roberts back into his truck. Once Roberts was inside,
the gunmen wrapped his head in a towel and secured the towel with a pair of
walking shorts found in the truck. The attackers forced Roberts to lie on the floor
of the single cab pickup truck and covered him with a windshield shade. They
climbed in the truck and drove around for two to three hours making several stops:
first, to talk to other people; then, to disconnect the trailer that contained many of
the drugs; then, to unload the rear of the truck; and finally, to reattach the trailer. 
At the last location, the attackers ordered Roberts to stay on the floor of the truck
for five more minutes while they fled.
          Roberts never got a good look at his attackers because of their masks, and he
was unable to identify them. In the course of the investigation, however, the
crime-scene investigators recovered two sets of fingerprints from inside the trailer. 
The fingerprints belonged to appellant and Charles Bradley. Based on the
fingerprint evidence, sheriffs executed arrest warrants for appellant and Bradley. 
          While executing the arrest warrant for appellant, officers performed a
protective sweep of the residence. They based this sweep on several factors: (1)
they heard footsteps of several individuals upstairs, (2) they found a gun in plain
view while they were arresting appellant, (3) Bradley was not found when the
officers arrived at his last known address, and (4) a large photograph showing
appellant and Bradley in appellant’s home was noticed by officers while they were
arresting appellant. In the course of the sweep, officers discovered what appeared
to be several large trash bags of prescription drugs in a locked room of appellant’s
home. After having found the cache of pills, the officers secured the house and
obtained a search warrant to confiscate the drugs.
          At trial, appellant’s trial counsel filed a motion to suppress the evidence
discovered during the protective sweep. The trial court held a hearing on the
motion and denied it. After the suppression hearing, when the State tendered the
contested evidence, appellant’s counsel said, “No objection.” In cross-examining
witnesses and in front of the jury, appellant’s counsel nonetheless challenged the
legality of the protective sweep. Counsel asked for and received a jury charge
instructing the jury that, if it determined that the evidence had been illegally
obtained, it could not consider it.
 Legal and Factual Sufficiency of the Evidence
          In his first two points of error, appellant argues that the evidence is legally
and factually insufficient to prove his participation in the robbery and kidnapping.
A.      Standards of Review
          We measure the sufficiency of the evidence against the elements of the
offense as defined by a hypothetically correct jury charge. See Fuller v. State, 73
S.W.3d 250, 252 (Tex. Crim. App. 2002); Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).
          When evaluating the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2789 (1979);
Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). We do not resolve
any conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses because this is the function of the trier of fact. See Dewberry v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421
(Tex. Crim. App. 1992); see also Matson v. State, 819 S.W.2d 839, 843 (Tex.
Crim. App. 1991). Instead, our duty is to determine whether both the explicit and
implicit findings of the trier of fact are rational by viewing all of the evidence
admitted at trial in the light most favorable to the verdict. See Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000); Adelman, 828 S.W.2d at 422. In so
doing, we resolve any inconsistencies in the evidence in favor of the verdict. See 
Matson, 819 S.W.2d at 843.
          In a factual-sufficiency review, we view all of the evidence, both for and
against the finding, in a neutral light and set aside the verdict only if the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination,
i.e., if the verdict seems “clearly wrong and manifestly unjust” or the proof of guilt,
although legally sufficient, is nevertheless against the great weight and
preponderance of the evidence. Watson v. State, 204 S.W.3d 404, 414–15 (Tex.
Crim. App. 2006). We will reverse the jury’s verdict only if the record clearly
shows that a different result is required to prevent a manifest injustice. See id. at
416–17; see also Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000). In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          A jury is in the best position to evaluate the credibility of witnesses, and we
are required to afford “due deference” to the jury’s implicit credibility
determinations. Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). 
The jury is free to accept or to reject any or all of the evidence presented by either
side. See Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). 
Reconciling conflicting testimony is within the exclusive province of the jury. See
Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); see also Cleveland
v. State, 177 S.W.3d 374, 380 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). 
B.      The Law 
          To show that appellant committed aggravated robbery, the State had to
prove that appellant intentionally placed Roberts in fear of imminent bodily injury
or death by using a deadly weapon while committing a theft. See Tex. Penal
Code Ann. § 29.03 (Vernon 2003). For aggravated kidnapping, the State had to
prove that appellant intentionally abducted Roberts and used a deadly weapon. See
id. § 20.04 (Vernon 2003). Under the law of parties, on which the jury was
charged, the State could satisfy its burden by showing that appellant was acting
with intent to promote or to assist the commission of the charged offenses. See id.
§§ 7.01, 7.02 (Vernon 2003). 
C.      Discussion
          1.       Legal Sufficiency
          We first review the legal sufficiency of the evidence proving that appellant
participated in the two charged offenses. Appellant’s fingerprint inside the trailer,
which could only have been left during the offenses, his possession of weapons
similar to those used in the robbery and kidnapping, and the presence in appellant’s
residence of the drugs stolen in the robbery are enough for the jury rationally to
have found that he had a role in the commission of the crimes charged, at least as a
party. See Nelson v. State, 505 S.W.2d 271, 273 (Tex. Crim. App. 1974). We
overrule appellant’s first point of error and hold that the evidence is legally
sufficient to support appellant’s convictions for aggravated robbery and aggravated
kidnapping.
          2.       Factual Sufficiency
          We evaluate the evidence neutrally from both sides in a factual-sufficiency
review to determine if the “great weight of the evidence” undermines the verdict. 
See Watson, 204 S.W.3d at 414–15. The evidence presented by the State consisted
of the drugs seized from appellant’s home, appellant’s fingerprints inside the
trailer, guns like those used in the offenses found inside the home, and a ledger
describing apparent transactions involving the stolen drugs. Appellant contends
that (1) he did not have personal possession of the drugs, (2) he had a reasonable
explanation for his fingerprints in the trailer, and (3) the ledger could not be used
as evidence because he denied under oath that the handwriting in it was his.
          In his first argument, appellant contends that he did not have personal
knowledge or control of the drugs stolen from Roberts. Officers recovered more
drugs than just those found in the locked bedroom. They found individual bottles
in the master bedroom, in a jacket owned by appellant found in the master
bedroom closet, in the living room on top of the television, and inside the
refrigerator. In light of the other drugs found in the house, the jury could
reasonably have chosen not to believe appellant’s testimony that he had no
knowledge of the drugs in the locked bedroom.
          Next, appellant contends that his fingerprints are not conclusive proof of his
involvement as a party. The cases cited by appellant in support of his argument
have one thing in common that is distinguishable from this case: they were all
burglary cases in which an essential element of the charge was entry. See Blevins
v. State, 6 S.W.3d 566 (Tex. App.—Tyler 1999, pet. ref’d); McCloskey v. State,
924 S.W.2d 427 (Tex. App.—Beaumont 1996, no pet.); Hood v. State, 860 S.W.2d
934 (Tex. App.—Texarkana 1993, no pet.). In all of the cited cases, fingerprints
were found outside of the buildings that were burglarized. See McCloskey, 924
S.W.2d 429; Hood, 860 S.W.2d at 934; Blevins, 6 S.W.3d at 569. These cases do
not control here for two reasons: (1) appellant’s fingerprints were found inside
Roberts’s trailer and (2) entry into the trailer is not an essential element to prove
that appellant was a party to the charged offenses. The State showed that Roberts
had washed his trailer two weeks prior to the robbery and had used it only one time
after that. The State also showed that the only opportunity that appellant had to
leave his fingerprints in the trailer was during the robbery. The jury was free to
resolve conflicts in testimony based on its own judgment. The jury could
reasonably have disbelieved appellant’s version of the events.
          In his third argument, appellant contends that testimony by a non-expert
witness, Zina Garret, as to the identity of the handwriting in the ledger was
improperly admitted. When a witness denies under oath that he is the author of
handwriting, comparison testimony is insufficient to establish that he wrote it. See
Tex. Code Crim. Proc. Ann. art. 38.27 (Vernon 2005). Appellant testified that he
was not the author of the writing in the ledger. However, appellant made no
objection to the admission of the testimony by Garret regarding the authenticity of
the handwriting at the time that it was admitted and, therefore, waived his right to
contest the admission of that evidence on appeal. See Tex. R. App. P. 33.1(a). 
Moreover, the factual sufficiency of the evidence is measured by examining all of
the evidence admitted at trial, whether properly or improperly admitted. E.g.,
Barnum v. State, 7 S.W.3d 782, 788 (Tex. App.—Amarillo 1999, pet. ref’d).
          Considering the evidence in its entirety, we hold that the great weight of the
evidence is not contrary to the jury’s verdicts and that the evidence is thus factually
sufficient to support them. Thus, we overrule appellant’s second point of error.
 
 
Search
          In his third point of error, appellant contends that the trial court erred by
admitting evidence gathered during an illegal search of his residence in violation of
the Fourth Amendment of the United States Constitution. See U.S. Const. amend.
IV. Although appellant’s trial counsel filed a timely motion to suppress the
evidence in question, appellant admits on appeal that his trial counsel waived his
arguments against the admission of evidence obtained in the search by
affirmatively stating “no objection” when the evidence was presented to the jury.           It is true that when a pretrial motion to suppress evidence is overruled, the
defendant need not subsequently object at trial to the same evidence in order to
preserve error on appeal. Lemons v. State, 135 S.W.3d 878, 882 (Tex.
App.—Houston [1st Dist.] 2004, no pet.) (citing Moraguez v. State, 701 S.W.2d
902, 904 (Tex. Crim. App. 1986)). But when the appellant’s trial counsel
affirmatively asserts that he has no objection to the admission of the evidence in
contention, he waives any error in the admission of the evidence, despite the
pretrial ruling. Id.; see Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App.
1992) (holding that “[a]ppellant’s response of ‘no objection’ waived his claim to
inadmissibility of the challenged evidence.”). We overrule appellant’s third point
of error without reaching the merits of his argument because error was not properly
preserved. See Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).
Ineffective Assistance of Counsel
          In his fourth point of error, appellant contends that he received ineffective
assistance of counsel due to his trial counsel’s affirmative statement of “no
objection,” which waived his complaint under point of error three.
A.      Standard of Review
          To prevail on his assertion of ineffective assistance of counsel, appellant
“must show that his counsel’s performance was deficient and that there is a
‘reasonable probability’—one sufficient to undermine confidence in the
result—that the outcome would have been different but for his counsel’s deficient
performance. Ex parte Chandler, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). 
The purpose of the constitutional requirement of effective counsel is to ensure a
fair trial. Id. The “benchmark” for evaluating a challenge of ineffective assistance
of counsel, therefore, is whether counsel’s conduct “so undermined the proper
functioning of the adversarial process” that one cannot rely on the trial “as having
produced a just result.” Id. Only in that relatively rare instance may a criminal
defendant obtain a new trial on the ground that his attorney provided
constitutionally deficient assistance. Id. at 354. The constitutional right to
reasonably effective counsel “does not guarantee errorless counsel, or counsel
whose competency is to be judged by hindsight.” Ex parte Kunkle, 852 S.W.2d
499, 505 (Tex. Crim. App. 1993). 
          To meet his burden to show that his counsel was constitutionally deficient,
an appellant must establish, by a preponderance of the evidence, that his trial
counsel was not acting as “‘a reasonably competent attorney’” and that his advice
was not “within the range of competence demanded of attorneys in criminal cases.” 
Ex parte Chandler, 182 S.W.3d at 354 (quoting Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984)). Appellant must also show that counsel’s
constitutionally deficient performance prejudiced his defense, that is, he must
demonstrate “‘a reasonable probability that, but for counsel’s unprofessional
errors, the result of the proceeding would have been different.’” Id. (quoting
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068).
          Within this two-pronged analytical framework, appellant must also
overcome the “strong presumption that counsel’s conduct fell within the wide
range of reasonable professional assistance.” Id. (quoting Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999)). In evaluating counsel’s representation
under a Strickland analysis, our review is “highly deferential” because we presume
that counsel’s actions “‘fell within the wide range of reasonable and professional
assistance.’” Ex parte Chandler, 182 S.W.3d at 354 (quoting Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002)). A Strickland challenge must, therefore,
be “firmly founded” in a record that “affirmatively demonstrate[s]” the meritorious
nature of the claim. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App.
2005). When counsel’s reasons for failing to do what the defendant contends
should have been done do not appear in the record—as, for example, when trial
counsel has not been afforded an opportunity to explain his actions—we should not
find deficient performance unless the challenged conduct was “so outrageous that
no competent attorney would have engaged in it.” Id. If contentions of ineffective
assistance are not clearly supported by the record, we will not speculate to find trial
counsel ineffective when the record is silent on his reasoning or strategy. See
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.). 
          Under normal circumstances, the record on direct appeal will not be
sufficient to demonstrate that counsel’s representation was so deficient and so
lacking in tactical or strategic decision-making as to overcome the presumption
that counsel’s conduct was reasonable and professional. Bone, 77 S.W.3d at 833. 
When the record on direct appeal is sufficient to prove that counsel’s performance
was deficient, however, an appellate court “should obviously address the claim
. . . .” Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
          In evaluating contentions of ineffective assistance of counsel, we review the
totality of the representation. Wright v. State, 223 S.W.3d 36, 42 (Tex.
App.—Houston [1st Dist.] 2006, pet. ref’d). 
B.      Discussion
          This Court has held that stating “no objection” to the admission of evidence
after the denial of a motion to suppress the evidence meets the first prong of the
Strickland test, whereas by stating “no objection,” counsel precludes an article
38.23 instruction to the jury. See Lemons, 135 S.W.3d at 883. However, looking
to the totality of the representation, we note that trial counsel not only moved to
suppress the evidence obtained in the sweep, but after the suppression motion’s
denial, he continued, before the jury, to contest the validity of the search by
vigorously cross-examining witnesses. Thereafter, he requested and obtained a
jury charge asking the jury to weigh the constitutionality of the search. He then
argued to the jurors that they should not consider the evidence recovered due to the
unlawful search. Thus, even if counsel was deficient in stating that he had “no
objection” to the admission of evidence, appellant would not have received any
better representation at trial in regard to the search issue than he did. Accordingly,
appellant has failed to meet his burden under the second prong of Strickland to
show that the result of his trial would have been different if counsel had not stated
“no objection.” See Chandler, 182 S.W.3d at 354.
          Without citing to any authority, appellant contends that trial counsel’s errors
prejudiced him by depriving him of appellate review of his suppression issue. 
Because Strickland’s prejudice prong is limited to the effect of trial counsel’s error
on the factfinder, any harm on appeal is beyond the relief afforded by Strickland. 
See Strickland, 466 U.S. at 695, 104 S. Ct. at 2068–69 (“When a defendant
challenges a conviction, the question is whether there is a reasonable probability
that, absent the errors, the factfinder would have had a reasonable doubt respecting
guilt.”) (emphasis added). Therefore, we overrule appellant’s fourth point of error.
Conclusion
          We affirm the judgments of the trial court.
 

     Tim Taft
     Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).