Affirmed and Memorandum Opinion filed November 18, 2008








Affirmed and Memorandum Opinion filed November 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00618-CR

____________

 

LEONARD ROSAS RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1096510

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Leonard Rosas Rodriguez, of
burglary of a habitation and sentenced him to 70 years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  See
Tex. Penal Code Ann. ' 30.02 (Vernon
2003).  In three issues, appellant argues the evidence is legally and factually
insufficient to support his conviction and the trial court erred in defining
reasonable doubt for the jury.  We affirm.








I.  Factual and Procedural Background

On July 14, 2006, Maira Burns came home from work and
discovered that her home had been burglarized.  She first noticed as she drove
into her driveway that the back door was ajar.  Before entering the house,
Burns called her husband to ask if he had left the door open.  He told her he
had closed and locked it that morning as is his habit every morning.  While
checking the house to see if anyone was still in the house, Burns saw that her
daughter=s bedroom window
had been broken and that several items were missing.

When police officers arrived, they noticed that large
pieces of the broken window had been removed and were resting by the garage. 
The officers determined that the window was the point of entry for the burglar
and that he departed through the back door.  Officer Jimmy Williams applied
fingerprint powder to the glass and lifted several fingerprints from it.  He
sent the prints to Officer Ralph Saldivar, a fingerprint analyst, who submitted
the prints to the Automatic Fingerprint Identification System (AFIS).  AFIS
revealed a match to an individual, who was later identified as appellant. 
Officer Saldivar also testified that the prints from the glass matched known
prints of appellant.

A jury convicted appellant of burglary of a habitation and
sentenced him to 70 years in prison.

II.  Legal and Factual Insufficiency

In his first two issues, appellant contends that the
evidence is legally and factually insufficient to support a conviction for
burglary of a habitation because the only evidence connecting him to the
burglary consisted of fingerprints found on a portion of a broken window pane
outside the house.  








A. 
Standard of Review

In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U .S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d. 560 (1979); Salinas v. State, 163 S.W.3d 734,
737 (Tex. Crim. App. 2005).  The jury, as the sole judge of the credibility of
the witnesses, is free to believe or disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d). 

When reviewing the factual sufficiency of the evidence, we
view all the evidence in a neutral light and set aside the verdict Aonly if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.@  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We then ask whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the jury=s verdict seems clearly wrong and manifestly unjust,
or  whether, considering conflicting evidence, the jury=s verdict is
against the great weight and preponderance of the evidence.  Watson v. State,
204 S .W.3d 404, 417 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000).  We give deference to the jury=s determinations,
particularly those concerning the weight of the evidence and the credibility of
witness testimony.  See Johnson, 23 S.W.3d at 8B9.  Our analysis
must consider the evidence appellant claims is most important in allegedly
undermining the jury=s verdict.  Sims v. State, 99 S.W
.3d 600, 603 (Tex. Crim. App. 2003).








B. 
Analysis

A person commits burglary of a habitation if, without the
consent of the owner, the person enters the habitation and commits or attempts
to commit a felony, theft, or assault. Tex.
Penal Code Ann. ' 30.02(a)(3) (Vernon 2003).  AEnter@ is defined as
intruding with any part of the body.  Tex.
Penal Code Ann. ' 30.02(b)(1) (Vernon 2003). 

Appellant contends that the evidence is legally and
factually insufficient because the presence of his fingerprint on the outside
of the home is insufficient evidence of entry.  The presence of fingerprints
alone is sufficient to prove identity of a burglar if the evidence shows that
the fingerprints were made at the time of the offense.  Nelson v. State,
505 S.W.2d 271, 273 (Tex. Crim. App. 1974); Washington v. State, 721
S.W.2d 502, 504 (Tex. App.CHouston [14th Dist.] 1986, pet. ref=d).  Whether
fingerprint evidence is sufficient to sustain a conviction depends on the facts
and circumstances of each case.  Phelps v. State, 594 S.W.2d 434, 436
(Tex. Crim. App. 1980).  An important factor is the accessibility of the
fingerprinted object to the defendant.  Id.  

In this case, Officer Williams testified that he lifted
latent fingerprints from window glass that had been removed from the broken
window and placed next to the house.  He testified that he could not recall
whether he also lifted fingerprints from the inside of the glass.  Officer
Saldivar, who was qualified as an expert in fingerprint identification,
testified that the fingerprints found on the glass matched appellant=s fingerprints. 
There was no evidence that appellant had been on the premises prior to the
entry. 








Appellant contends a fingerprint outside of a habitation
alone is insufficient evidence to support a conviction and cites Hood v.
State, 860 S.W.2d 931, 934 (Tex. App.CTexarkana 1993, no
pet.) and McClesky v. State, 924 S.W.2d 427, 428 (Tex. App.CBeaumont 1996, no
pet.).  In Hood, the complainant=s home was
burglarized while the complainant was out of town.  860 S.W.2d at 933.  The
defendant had previously performed maintenance work at the complainant=s home where the
burglary occurred.  Id. at 934.  As a result, the court reasoned that
the fingerprint only provided some evidence that the defendant Amay have been at
the home at some time,@ but it did not in itself establish that
he committed the burglary.  Id.  In addition, the defendant=s girlfriend had
confessed to and was convicted of the burglary and claimed to have committed
the burglary without the defendant.  Id.  The court held the fingerprint
alone was insufficient to prove entry into the home because no evidence placed
the defendant in the home or in possession of the stolen property.  Id.
at 937.  Hood is distinguishable because in this case there is no
evidence in the record that appellant had any prior connection to the
complainant=s residence.  No one saw him near the home before the
burglary and no other person has been implicated in the burglary.  Moreover,
there was no evidence that appellant had previously been to the complainant=s home or that the
complainant or her husband recognized appellant.  

Appellant also cites McCleskey v. State, in support
of his argument that a fingerprint alone, outside of a habitation, is
insufficient to support a conviction.  924 S.W.2d 427. However, the McCleskey
court noted that the Court of Criminal Appeals found the evidence was
sufficient where a defendant=s fingerprints were found on glass that
was removed by hand from the putty around the window pane after the window was
broken.  Id. at 429, citing Mann v. State, 420 S.W.2d 614 (Tex.
Crim. App. 1967). 








In this case, as in Mann, the window had been broken
and the pieces placed next to the garage.  Appellant=s fingerprints
were found on the pieces placed next to the garage.  Moreover, there was no
evidence that appellant had been on the premises prior to the entry and theft. 
Viewing the evidence in the light most favorable to the verdict, a rational
trier of fact could have inferred that the prints must have been placed on the
window by the person who removed the window after breaking it.  In addition,
there is no evidence that appellant could have left his fingerprints on the
glass at another time.  Viewing the evidence in a neutral light, we find the
evidence supporting the verdict is not so weak as to conclude that the verdict
is clearly wrong and manifestly unjust.  See Koster v. State, 773 S.W.2d
763, 764 (Tex. App.CBeaumont 1989, pet. ref=d) (fingerprint
evidence found sufficient to support conviction when defendant=s fingerprint
appeared on window screen he removed to gain entrance as there was no other
plausible explanation for how the fingerprint was left on the screen).
Appellant=s first two issues are overruled.

III.  Reasonable Doubt Instruction

In his third issue, appellant contends that the trial court
erred in defining reasonable doubt for the venire.  At the beginning of jury
selection, before the attorneys began their voir dire, the trial court reviewed
Aa few general
principles of law.@  In explaining the State=s burden of proof,
the court defined reasonable doubt as follows:

A reasonable doubt is a doubt based upon reason and common sense after
a careful and impartial consideration of all the evidence in the case.  It is
the kind of doubt that a reasonable person would make B that would make a reasonable
person hesitate to act in the most important of his or her own affairs.  Proof
beyond a reasonable doubt, therefore, must be proof of such a convincing
character that you would be willing to rely and act upon it without hesitation
in the most important of your own affairs.

 

The
court continued to discuss such general principles as the defendant=s right not to
testify, and the role of an indictment.  Neither party objected to the trial
court=s comments.

In asserting the trial court=s error, appellant
relies on Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000).  In
addressing an erroneous jury instruction on reasonable doubt, the Court of
Criminal Appeals determined that Athe better
practice is to give no definition of reasonable doubt at all to the jury.@  Id. at
573.  In this case, the trial court followed the court=s admonition and
did not include a definition of reasonable doubt in the jury charge.  However,
appellant contends that by defining reasonable doubt to the venire during jury
selection the trial court violated the court=s recommendation
of Abetter practice@ in Paulson.








The State argues that even if Paulson should be
applied to the trial court=s comment to the venire, appellant failed
to preserve error because he did not object to the comment. As a general rule,
trial counsel must object to preserve error, even if it is Aincurable@ or Aconstitutional.@  Cockrell v.
State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  However, in Blue v.
State, 41 S.W.3d 129 (Tex. Crim. App. 2000), a plurality of the Court of
Criminal Appeals held that a trial court=s comments during
voir dire Awhich tainted [the defendant=s] presumption of
innocence in front of the venire, were fundamental error of constitutional
dimension and required no objection.@  Id. at
132.  In Blue, the trial court apologized to the venire for its long
wait, explained that the delay was because the defendant was indecisive on
whether to accept a plea bargain, and expressed its preference that the
defendant plead guilty.  Id. at 130.  A plurality opinion is not binding
precedent and we are not obligated to follow it.  See Murchison v. State,
93 S.W.3d 239, 262 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  Further, even
if Blue were binding, the trial court=s comments in this
case were not of such a nature that the presumption of innocence was tainted. 
Therefore, by failing to object to the trial court=s definition of
reasonable doubt, appellant waived error.  See Tex. R. App. P. 33.1.  Appellant=s third issue is
overruled.

The judgment of the trial court is affirmed.

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 18, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).