**Darrin Wayne KOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–224 CR.**

Court of Appeals of Texas,
Beaumont.

June 28, 1989.

Discretionary Review Refused
Oct. 4, 1989.

William E. Hall, Jr., Conroe, for appellant.

Peter Speers, III, Thomas D. Glenn, Conroe, for State.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of burglary of a habitation with intent to commit sexual assault. They further found two enhancement allegations true and assessed punishment at ninety-nine years in the Texas Department of Corrections. Appellant's sole point of error is sufficiency of the evidence.

The victim, L.R., lived in a two-bedroom apartment in The Woodlands, Montgomery County, Texas. On the evening of April 21, 1987, at approximately 10 p.m., after playing softball, L.R. arrived at her apartment accompanied by her boyfriend. After watching a newscast, the boyfriend went into the master bedroom to sleep. L.R. stayed up to watch more television. At approximately 11:30 p.m., L.R. heard some noises outside, went to the front door and looked out, then closed and locked the dining room windows. She did not close an open window in the spare bedroom. L.R. turned off the television and began to read. She became concerned upon hearing more noises and decided to wake her boyfriend. As she proceeded down the hall, she passed the door to the spare bedroom and was grabbed. Her attacker shoved her to the floor near the master bedroom door and she screamed for help. The boyfriend ran to her aid, and the attacker fled through the spare bedroom and disappeared into the night. L.R. was unable to see her attacker well enough to identify anyone but described her attacker as approximately her height, five feet nine and a half inches tall, of slender build, and with short-cropped hair.

A detective from the sheriff's office arrived and found the screen from the spare bedroom window propped up outside the window. It was bent as if it had been pried away from the window frame. L.R. testified the screen had been placed on the window only three or four days before the incident. Tennis shoe prints were found beneath the window and it was wide open. Inside the spare bedroom, a plant in front of the window had been moved. The front outside light bulb had been unscrewed to the point where it would not illuminate. It had been on when the couple returned from the softball game. A sheriff's department investigator found four fingerprints on the aluminum window screen trim on the side of the lift tabs and testified the fingerprints belong to appellant.

The now familiar standard for reviewing sufficiency of the evidence questions on appeal is set out in *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984). The relevant standard in both direct and circumstantial evidence cases is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson, supra* at 803. The general rule in fingerprint cases is that fingerprints alone are sufficient to establish guilt if the evidence shows that the fingerprints must have necessarily been made at the time of the offense. *Bowen v. State*, 460 S.W.2d 421 (Tex.Crim.App.1970); *Lanes v. State*, 711 S.W.2d 403, 405 (Tex.App.—Beaumont 1986), *rev'd on other grounds*, 767 S.W.2d 789 (Tex.Crim.App.1989). An important factor is the accessibility of the fingerprinted object to the defendant. *Phelps v. State*, 594 S.W.2d 434, 436 (Tex.Crim.App.1980). As in *Phelps* and *Lanes, supra*, there is no evidence that appellant had been on the premises prior to the entry and the attack. *See also Nelson v. State*, 505 S.W.2d 271 (Tex.Crim.App.1974), and *Guzman v. State*, 732 S.W.2d 683 (Tex.App.—Corpus Christi 1987, no pet.). A reasonable hypothesis, under the evidence, is that appellant's fingerprints were placed on the window screen at the time of the offense. No other reasonable hypothesis as to when appellant's fingerprints could have been placed on the window screen is raised by the evidence. *Lanes, supra*. We find the evidence sufficient and affirm the judgment.

AFFIRMED.