Dominic BLEVINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–97–00192–CR.

Court of Appeals of Texas, Tyler.

April 27, 1999.

Rehearing Overruled May 24, 1999.

Discretionary Review Refused Nov. 10, 1999.

Sharon N. Pruitt, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

HADDEN, Justice.

Appellant, Dominic Blevins, appeals his conviction for burglary of a habitation. After finding Appellant guilty, the jury assessed his punishment· at twenty years' confinement. In two points of error, Appellant asserts the evidence is legally and factually insufficient to support the judgment. We will reverse the trial court's judgment and remand with instructions to enter a judgment of acquittal.

Debbie Alonzo returned home from work on December 7, 1995 to find that someone had broken into her house and stolen many items including guns, jewelry, clothing and a VCR. The point of entry was a master bedroom window which had been broken out. Police positively identified three fingerprints on the glass of the broken window as belonging to Appellant. Three rifles belonging to the Alonzos were later found under the floor of an abandoned house owned by Appellant's stepfather. No other stolen property was ever recovered.

In his first point of error, Appellant contends the evidence is legally insufficient to prove he is criminally responsible for the offense of burglary of a habitation. He asserts that there is no testimony placing his fingerprints inside the home and therefore no evidence that he entered the burglarized home. Further, Appellant argues, the State failed to prove he had the requisite intent to commit theft, or had personal, recent, or unexplained possession of the stolen property from which guilt could be inferred.

The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt the essential elements of

the offense charged. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard of review is the same for both direct and circumstantial evidence cases. *Green v. State,* 840 S.W.2d 394, 401 (Tex.Cr.App. 1992), *cert. denied,* 507 U.S. 1020, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). A finding that the evidence is legally insufficient requires reversal and bars a retrial. *Greene v. Massey,* 437 U.S. 19, 24, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Graham v. State,* 643 S.W.2d 920, 924 (Tex.Cr.App.1981).

■■■ A person commits the offense of burglary of a habitation if, without the consent of the owner, he enters a habitation with intent to commit a theft. TEX. PEN.CODE ANN. § 30.02(a)(1) (Vernon 1994). Generally, fingerprint evidence alone will be sufficient to sustain a conviction if the evidence shows that the prints were necessarily made at the time of the burglary. *Bowen v. State,* 460 S.W.2d 421, 423 (Tex. Cr.App.1970). An important factor is the accessibility of the fingerprinted object to the defendant. *Phelps v. State,* 594 S.W.2d 434, 436 (Tex.Cr.App.1980); *Koster v. State,* 773 S.W.2d 763 (Tex.App.—Beaumont 1989, pet. ref'd).

■ When there is independent evidence of a burglary, the unexplained personal possession of recently stolen property will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State,* 656 S.W.2d 73, 76 (Tex. Cr.App.1983). The evidence does not raise an inference of guilt of burglary based on the defendant's personal possession of stolen goods where the police find the stolen property in a place where others have an equal right and facility of access. *Vasquez v. State,* 804 S.W.2d 606, 610 (Tex.App.— Dallas 1991, no pet.).

The point of entry was a bedroom window. Officer Michael Tipton testified that he lifted a total of ten fingerprints from pieces of broken glass from that window, some of which were still in the windowsill and some of which were on the ground.

Tipton specifically testified that he lifted prints from both the inside and outside of one piece of glass that was still in the window and that it had "one print exactly opposite each other close to the edge." However, Tipton did not testify as to which of the ten prints were from the inside surfaces of the glass. Officer Connie Castle of the City of Tyler crime lab identified only three of the ten fingerprints, State's Exhibits 8, 9, and 10, as fingerprints belonging to Appellant. However, she was unable to identify the seven remaining prints because they were smeared.

Police officers found three of the rifles taken from the Alonzo home in a house owned by Appellant's stepfather, Lucious Frazier. The guns were found under the kitchen floor, visible due to the floor's rotten condition. Frazier testified that, although he, his wife, and Appellant had lived there at one time, now the house was vacant, was not locked, and had missing windows. The evidence showed that people had been going in and out of the house.

■ Our review of the record shows that the State did not prove that Appellant possessed any property stolen from the Alonzos. Frazier's house was vacant, unlocked, and frequented by unknown persons. The evidence that the Alonzos' guns were found in Appellant's stepfather's house does not show possession of the stolen property by Appellant. Further, there was no testimony that anyone saw Appellant at the burglarized home at the time of the burglary, at Frazier's house, or in actual possession of any stolen property at any location. Therefore, the State cannot rely on an inference of guilt arising from possession of recently stolen property. *See Vasquez,* 804 S.W.2d at 610.

■ Accordingly, if the conviction stands, it must do so based solely on the fingerprint evidence. Such evidence will be sufficient if the record shows that the prints were necessarily made at the time of the burglary. *See Bowen,* 460 S.W.2d

at 421. The State, in its brief, claims that *Appellant* placed his fingerprints on both sides of the glass and that *his* prints were inside of the "close." We have searched the record and found no evidence to support such a conclusion. Tipton lifted ten prints from the inside and outside of the broken glass window. All ten were introduced into evidence by the State. Three of the ten, Exhibits 8, 9, and 10, were identified as belonging to Appellant while the other seven were of such poor quality as to prevent identification. The record does not show the side of the window from which either Exhibit 8, 9, or 10 was lifted. No witness testified that Exhibit 8, 9, or 10 was taken from the side of the glass that had been inside the house. There was no evidence that the prints taken from the glass remaining in the windowsill that had prints opposite each other on both sides, close to the edge, belonged to Appellant. Without testimony that either Exhibit 8, 9, or 10 was found on the inside of the window, there is no evidence placing Appellant inside the habitation. In a prosecution for burglary of a habitation, an essential element of the offense is that the accused entered the habitation, absent an issue involving parties. *Rogers v. State,* 929 S.W.2d 103, 107–08 (Tex.App.—Beaumont 1996, no pet.). The element of entry can be established by inference. *Lopez v. State,* 884 S.W.2d 918, 921 (Tex.App.—Austin 1994, pet. ref'd). However, a fingerprint found outside of the habitation does not, in itself, establish that a defendant committed the burglary. *See Groome v. State,* 957 S.W.2d 919, 922 (Tex. App.—Texarkana 1997, no pet.). Here, the evidence shows Appellant touched the window at some time, but it does not demonstrate that Appellant touched the window at the time of the burglary or that he actually entered the home. Therefore, the State did not meet its burden to prove the element of entry. This fingerprint evidence alone is not sufficient to sustain a conviction. *See McCleskey v. State,* 924 S.W.2d 427, 429 (Tex.App.—Beaumont 1996, no pet.); *Hood v. State,* 860 S.W.2d

931, 934 (Tex.App.—Texarkana 1993, no pet.). The State relies on *Walker v. State,* 652 S.W.2d 438, 439–40 (Tex.App.—Tyler 1983, pet ref'd.), but there the record clearly showed that the State identified the prints inside the window *as those of the Appellant.*

 In his dissent, our colleague states that there is no requirement that fingerprints be found on the inside of the place of entry citing *Koster.* The majority's opinion today does not state that a conviction for burglary cannot be upheld unless the defendant's fingerprints are found inside the habitation. However, if the State is relying on fingerprint evidence alone to support the conviction, the fingerprints must have necessarily been made at the time of the burglary, which can be shown if found inside the habitation. *See Phelps v. State,* 594 S.W.2d 434, 436 (Tex. Cr.App.1980). In *Koster,* the fingerprint evidence at the point of entry was supported by evidence that there was a strange person inside the house indicating that the fingerprints must necessarily have been made at the time of the offense. Even the Beaumont court, citing its own opinion in *Koster,* has made it clear that where an appellant's fingerprints were found outside the home there must be other evidence showing that the prints were necessarily made at the time of the burglary. *McCleskey,* 924 S.W.2d at 429. As we have said above, that other evidence is not present in this case. The dissent attempts to provide that other evidence with the conclusion that Appellant was found in unexplained possession of the stolen goods which would raise an inference of guilt. However, the uncontroverted evidence shows that although the house where the stolen goods were found was still owned by Appellant's stepfather, it was vacant, not locked, had missing windows, and people other than the owner had been going in and out of the house. No inference of guilt can be raised where police found the stolen property in a place where others have an equal right and facil-

ity of access. *Vasquez*, 804 S.W.2d at 610. Accordingly, the evidence does not establish that the fingerprints were necessarily made at the time of the offense and does not establish the Appellant ever entered the habitation.

Viewing the evidence in the light most favorable to the trial court's judgment, we conclude that the evidence is insufficient for a rational trier of fact to find beyond a reasonable doubt all the essential elements of burglary of a habitation. We sustain Appellant's first point of error. It is unnecessary to address Appellant's second point of error. *See* TEX.R.APP. P. 47.1.

We *reverse* the trial court's judgment and *remand* with instructions to enter a judgment of *acquittal*. *Graham*, 643 S.W.2d at 924.

WORTHEN, J., dissenting.

I respectfully dissent. There is no requirement that fingerprints be found on the inside of the place of entry when a citizen's home has been burglarized. *Koster v. State*, 773 S.W.2d 763 (Tex.App.— Beaumont 1989, pet. ref'd). Fingerprints with evidence that an intruder was inside a house which has been burglarized are sufficient to establish guilt in a burglary case where the evidence shows no other explanation than that the prints were made at the time of the offense. *Id.* at 764. Three of the Appellant's fingerprints were taken on the day of the burglary from the scene of entry into the home of the victim, Debbie Alonzo.

Appellant introduced evidence at the time of trial to show that he had entered the house a month earlier when it had been vacant and unlocked. This was to imply that his three fingerprints could have been placed at the scene of entry prior to the date of the burglary. The State rebutted that line of testimony by offering the evidence of the home's previous owner, Ronnie Melton, who attested that he had kept the house locked at all times and checked on it each day to make sure that it remained secure. Further,

Alonzo herself testified that she had washed all of the windows prior to moving into the house.

Alonzo testified she had left her house locked and completely secure when she left for work the morning it was burglarized. She returned home in mid-afternoon to find it totally ramshackled with items randomly strewn about. This shows an intruder was in the house at the same time Appellant's fingerprints were placed on the window at the scene of entry into Alonzo's home.

The twelve men and women of the jury were instructed on reasonable doubt. If they had reasonable doubt as to when Appellant placed his fingerprints on the window, they were instructed to find Appellant "not guilty." The jury obviously believed that the evidence showed Appellant had placed his three fingerprints at the scene of the break-in at the time the home was burglarized. These three fingerprints, coupled with the fact that the stolen guns from Alonzo's home were found hidden under the kitchen floor of a house where Appellant had once lived and which was still currently owned by his stepfather, would lead any rational trier of fact to have found beyond a reasonable doubt that the Appellant was guilty of burglary of this habitation. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Since the evidence is both legally and factually sufficient, the Appellant's conviction should be sustained.