NO. 07-06-0210-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 27, 2006


 ______________________________



LESLIE C. CHEW, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-411688; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pursuant to a plea of guilty, appellant Leslie C. Chew was convicted of theft, in an
amount less than $1,500, enhanced by two prior convictions, and punishment was
assessed at 18 months incarceration in a state jail facility. Proceeding pro se, appellant
filed notice of appeal challenging the conviction.

 We have received a certification of right of appeal by which the trial court certified
that the underlying case was a plea-bargain case with no right of appeal. By letter, dated
June 1, 2006, this Court notified appellant that the certification indicated that he had no
right of appeal. In this letter, we further notified appellant that the appeal was subject to
dismissal unless he provided this Court with an amended certification providing that he has
the right of appeal or otherwise demonstrates that there exists other grounds for continuing
the appeal by June 16, 2006. See Tex. R. App. P. 25.2(a)(2), (d); Stowe v. State, 124
S.W.3d 228, 232 (Tex.App.-El Paso 2003, no pet.). No amended certification reflecting
a right to appeal has been filed and appellant has failed to demonstrate other grounds for
continuing the appeal. (1) 

 Therefore, the appeal is dismissed.


 Mackey K. Hancock

 Justice





Do not publish. 
1. Appellant did file a letter with this Court requesting that the appeal be continued. 
However, this letter fails to identify any appellate issues relating to matters that were raised
by written motion filed and ruled on before trial nor did it identify any efforts by the
appellant to obtain the trial court's permission to appeal. See Tex. R. App. P. 25.2(a)(2). 
A pro se defendant is held to the same standard as any attorney who represents a
defendant. See Johnson v. State, 760 S.W.2d 277, 279 (Tex.Crim.App. 1988).



 been disturbed. Yet, investigation revealed black pry marks on a back
door by the locks, and a pry bar or tire iron was found on the front seat of appellant's truck. 
The bar had "black all over it" according to the prosecutor who warned others against
handling it excessively. So too had the tip of the tool been modified, according to an
officer, in a way to give it more bite when used as a prying device. 

 The owners of the residence were out of town at the time of the incident but
returned later that same day. They discovered that someone had indeed been in their
house and that a Visa debit card and several checks were missing. The homeowner also
testified that he had engaged both the dead bolt and door knob lock before leaving but that
only the door knob lock was engaged when he returned home. 

 None of the items missing from the house were found on appellant or in the truck. 
Nonetheless, someone charged items to the debit card later that day and at a time when
appellant was in jail. The person who made the charges went unidentified.

 Assault on a Public Servant

 We initially address whether the evidence was both legally and factually sufficient
to support the conviction for assaulting a public servant. The thrust of appellant's
complaint focused on whether he knew the person he was assaulting was a police officer. 
We overrule the issue.

 The record contains evidence illustrating that Ponder wore a shirt with a police
emblem on it and carried a badge on his belt at the time he initially encountered appellant. 
Further, the area of the initial encounter was well lit, according to the officer. The officer
also testified that while he was being assaulted by appellant, he identified himself as an
officer; this did not dissuade appellant for the assault continued both when the two
grappled while afoot and when appellant (when sitting in the truck) grabbed the officer's
arm and threatened to "cut" him. 

 One is presumed to know that he assaulted a public servant if the victim was
wearing a distinctive uniform or badge indicating the person's employment as a public
servant. Tex. Pen. Code Ann. §22.02(c) (Vernon Supp. 2007). While Officer Ponder was
not adorned in the standard or stereotypic police uniform at the time, the emblem on his
shirt coupled with the presence of his badge and service weapon could reasonably be
likened to distinctive items identifying him as an officer. To this we had the evidence that
he identified himself to appellant as an officer while being assaulted. Combined, this is
some evidence from which a rational factfinder could conclude, beyond reasonable doubt,
that appellant knew he was assaulting an officer. 

 Though appellant contradicted much of what Ponder said and proclaimed that he
did not know that Ponder was an officer, that simply raised credibility and factual issues for
the factfinder to resolve. We cannot say that the manner in which they were resolved was
so against the great weight of the evidence or supported by weak evidence as to
undermine our confidence in that finding. Consequently, the verdict had the support of
both legally and factually sufficient evidence.

 Burglary of a Habitation

 Next, we address the conviction for burglarizing a habitation. According to
appellant, he believed the evidence was deficient since it did not place him within the
home. While resolution of this issue is more problematic, we, nonetheless, overrule it.

 That burglary can be proven solely through circumstantial evidence is a well-settled
proposition. Gilbertson v. State, 563 S.W.2d 606, 608 (Tex. Crim. App. 1978). It is also
true that the element of entry can be established by inference. Blevins v. State, 6 S.W.3d
566, 569 (Tex. App.-Tyler 1999, pet. ref'd). 

 Here, we have evidence that the debit card and checks were present when the
homeowners left on vacation and were missing when they returned. To this we add
appellant's admission that he was in need of money to buy gas for his truck, that he drove
through the area and down the particular alley in search of gas to steal or items from which
gas could be obtained. And, though he initially suggested that he was willing to ask people
he encountered while going through the area for money, he ran from the only person he
met. Moreover, he was cognizant of the art of burglarizing homes given his prior conviction
for the same. (1) So too did he have a tool that could be used to gain entrance through
locked doors readily available on (rather than under or behind) the seat of his truck and
that tool had been modified to facilitate forced entry. Most importantly, the tool had a black
substance on it that apparently left black residue, and black residue was found in the pry
marks (which marks were not present when the homeowners left). Finally, no one else was
found at the scene. 

 Appellant's having a need for money, his picking a particular area for the purpose
of committing some theft late at night, his possession of a pry bar or tire iron suitable and
adapted for committing burglary, his presence at the scene when the burglar alarm
sounded, the evidence that the burglar alarm was set to trigger when someone entered
through a door or window, the similarity in color between the residue emitted from the tire
iron and found in the pry marks, his attempt to flee when confronted, the absence of
evidence indicating that anyone else was present, and the absence of items from the
house constitute some evidence from which a rational factfinder could infer, beyond
reasonable doubt, that appellant entered the abode. 

 That none of the missing items were found on his person or in the truck is troubling,
as is the evidence that the debit card was used by someone while appellant sat in jail and
that the doors were locked. (2) While this suggests that someone other than appellant
acquired at least one of the stolen items, it does not necessarily disprove his entry into the
abode. Indeed, it could be that during the chase appellant was discarding the items taken
and that the debit card was later found by someone else. Admittedly, this possibility went
undeveloped at trial. So too was it possible that someone else was with appellant at the
time for Officer Ponder stated that such a person would have had enough time to leave
while the officer gave chase and fought with appellant. Be that as it may, neither
proposition finds support in the record; yet because they are potential logical explanations
of how someone other than appellant was using the card, we cannot say that evidence of
someone else using it requires one to infer that someone other than appellant committed
the burglary. Use of the card by a third party is a piece of the puzzle that does not readily
fit but it does not prevent a viewer from nonetheless recognizing the picture displayed by
the remaining pieces. 

 Nor can we say that the fact that the doors were locked causes great concern. 
Testimony appears of record indicating that though a door is pried open, it can often be
closed and locked after the forced entry. And, while appellant contradicted much of what
Officer Ponder said, that simply raised questions of fact and credibility for the factfinder to
resolve. In toto, we cannot say these circumstances were of such import so as to
undermine our confidence in the verdict, especially in view of appellant's possessing
burglary implements, his avowed need for money and intent to commit theft, his effort to
flee, his presence at the scene and near the time the alarm sounded, and the similarity
between the residue on the door and on the tire tool. Thus, we conclude that the evidence
was both legally and factually sufficient to support the conviction of burglary of a habitation.

 Having overruled appellant's issues, we affirm the judgments.


 Brian Quinn

 Chief Justice


Do not publish.
1. While evidence of prior bad acts or convictions cannot normally be used to support an inference of
guilt, this testimony came in without objection. And, when that occurs, the evidence is deemed admitted for
all purposes. Delgado v. State, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).
2. An officer testified that the usual modus operandi for burglars was to leave doors open when they
left the scene.