NO. 07-07-0358-CR
NO. 07-07-0359-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 30, 2008
_____

KENNETH GLENN WEBB,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,617-B & 18,618-B; HON. JOHN B. BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Kenneth Glenn Webb appeals his convictions for burglarizing a habitation and assaulting a public servant. His points of error concern the legal and factual sufficiency of the evidence supporting those convictions. We affirm.

*Applicable Law*

The standards by which we review legal and factual sufficiency challenges are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61

L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) for an explanation of them.

*Background*

On December 28, 2006, around 12:40 a.m., Sergeant Dustin Ponder arrived at 4103 Escondido to investigate a security alarm that had sounded. He was not dressed in a regular patrol uniform but rather was wearing a polo shirt with a small police department emblem on it, a police badge affixed to his belt, and a service weapon. As Ponder walked around the house, appellant walked out of the backyard through a wooden gate next to the driveway. The officer stopped appellant and asked whether he lived there. Appellant said that he did not and then ran away when asked for identification.

Ponder gave chase and the two struggled at some point. During the struggle, Ponder twice identified himself as a police officer. Nonetheless, appellant struck him in the groin and regained his freedom. Another chase ensued, which resulted in appellant reaching his truck that was parked in the alley near the house in question. As appellant attempted to start the vehicle, Ponder grabbed the keys. In response, appellant grabbed the officer's arm and threatened to cut him. Eventually, another policeman, who happened to be wearing a standard police uniform, arrived. Yet, appellant continued to refuse to obey the verbal orders of both policemen, though they eventually subdued him.

After the arrest, Ponder returned to the home where appellant was first encountered. He did not enter it because no one was there and the doors were locked. Moreover, from peering through the windows, the officer concluded that nothing inside looked as if it had been disturbed. Yet, investigation revealed black pry marks on a back door by the locks, and a pry bar or tire iron was found on the front seat of appellant's truck.

2

The bar had "black all over it" according to the prosecutor who warned others against handling it excessively. So too had the tip of the tool been modified, according to an officer, in a way to give it more bite when used as a prying device.

The owners of the residence were out of town at the time of the incident but returned later that same day. They discovered that someone had indeed been in their house and that a Visa debit card and several checks were missing. The homeowner also testified that he had engaged both the dead bolt and door knob lock before leaving but that only the door knob lock was engaged when he returned home.

None of the items missing from the house were found on appellant or in the truck. Nonetheless, someone charged items to the debit card later that day and at a time when appellant was in jail. The person who made the charges went unidentified.

*Assault on a Public Servant*

We initially address whether the evidence was both legally and factually sufficient to support the conviction for assaulting a public servant. The thrust of appellant's complaint focused on whether he knew the person he was assaulting was a police officer. We overrule the issue.

The record contains evidence illustrating that Ponder wore a shirt with a police emblem on it and carried a badge on his belt at the time he initially encountered appellant. Further, the area of the initial encounter was well lit, according to the officer. The officer also testified that while he was being assaulted by appellant, he identified himself as an officer; this did not dissuade appellant for the assault continued both when the two grappled while afoot and when appellant (when sitting in the truck) grabbed the officer's arm and threatened to "cut" him.

3

One is presumed to know that he assaulted a public servant if the victim was wearing a distinctive uniform or badge indicating the person's employment as a public servant. TEX. PEN. CODE ANN. §22.02(c) (Vernon Supp. 2007). While Officer Ponder was not adorned in the standard or stereotypic police uniform at the time, the emblem on his shirt coupled with the presence of his badge and service weapon could reasonably be likened to distinctive items identifying him as an officer. To this we had the evidence that he identified himself to appellant as an officer while being assaulted. Combined, this is some evidence from which a rational factfinder could conclude, beyond reasonable doubt, that appellant knew he was assaulting an officer.

Though appellant contradicted much of what Ponder said and proclaimed that he did not know that Ponder was an officer, that simply raised credibility and factual issues for the factfinder to resolve. We cannot say that the manner in which they were resolved was so against the great weight of the evidence or supported by weak evidence as to undermine our confidence in that finding. Consequently, the verdict had the support of both legally and factually sufficient evidence.

*Burglary of a Habitation*

Next, we address the conviction for burglarizing a habitation. According to appellant, he believed the evidence was deficient since it did not place him within the home. While resolution of this issue is more problematic, we, nonetheless, overrule it.

That burglary can be proven solely through circumstantial evidence is a well-settled proposition. *Gilbertson v. State,* 563 S.W.2d 606, 608 (Tex. Crim. App. 1978). It is also true that the element of entry can be established by inference. *Blevins v. State,* 6 S.W.3d 566, 569 (Tex. App.–Tyler 1999, pet. ref'd).

4

Here, we have evidence that the debit card and checks were present when the homeowners left on vacation and were missing when they returned. To this we add appellant's admission that he was in need of money to buy gas for his truck, that he drove through the area and down the particular alley in search of gas to steal or items from which gas could be obtained. And, though he initially suggested that he was willing to ask people he encountered while going through the area for money, he ran from the only person he met. Moreover, he was cognizant of the art of burglarizing homes given his prior conviction for the same.[1] So too did he have a tool that could be used to gain entrance through locked doors readily available on (rather than under or behind) the seat of his truck and that tool had been modified to facilitate forced entry. Most importantly, the tool had a black substance on it that apparently left black residue, and black residue was found in the pry marks (which marks were not present when the homeowners left). Finally, no one else was found at the scene.

Appellant's having a need for money, his picking a particular area for the purpose of committing some theft late at night, his possession of a pry bar or tire iron suitable and adapted for committing burglary, his presence at the scene when the burglar alarm sounded, the evidence that the burglar alarm was set to trigger when someone entered through a door or window, the similarity in color between the residue emitted from the tire iron and found in the pry marks, his attempt to flee when confronted, the absence of evidence indicating that anyone else was present, and the absence of items from the

---

[1]While evidence of prior bad acts or convictions cannot normally be used to support an inference of guilt, this testimony came in without objection. And, when that occurs, the evidence is deemed admitted for all purposes. *Delgado v. State,* 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).

5

house constitute some evidence from which a rational factfinder could infer, beyond reasonable doubt, that appellant entered the abode.

That none of the missing items were found on his person or in the truck is troubling, as is the evidence that the debit card was used by someone while appellant sat in jail and that the doors were locked.[2]  While this suggests that someone other than appellant acquired at least one of the stolen items, it does not necessarily disprove his entry into the abode.  Indeed, it could be that during the chase appellant was discarding the items taken and that the debit card was later found by someone else.  Admittedly, this possibility went undeveloped at trial.  So too was it possible that someone else was with appellant at the time for Officer Ponder stated that such a person would have had enough time to leave while the officer gave chase and fought with appellant.  Be that as it may, neither proposition finds support in the record; yet because they are potential logical explanations of how someone other than appellant was using the card, we cannot say that evidence of someone else using it requires one to infer that someone other than appellant committed the burglary.  Use of the card by a third party is a piece of the puzzle that does not readily fit but it does not prevent a viewer from nonetheless recognizing the picture displayed by the remaining pieces.

Nor can we say that the fact that the doors were locked causes great concern. Testimony appears of record indicating that though a door is pried open, it can often be closed and locked after the forced entry.  And, while appellant contradicted much of what Officer Ponder said, that simply raised questions of fact and credibility for the factfinder to

---

[2]An officer testified that the usual modus operandi for burglars was to leave doors open when they left the scene.

resolve.  *In toto*, we cannot say these circumstances were of such import so as to undermine our confidence in the verdict, especially in view of appellant's possessing burglary implements, his avowed need for money and intent to commit theft, his effort to flee, his presence at the scene and near the time the alarm sounded, and the similarity between the residue on the door and on the tire tool.  Thus, we conclude that the evidence was both legally and factually sufficient to support the conviction of burglary of a habitation.

Having overruled appellant's issues, we affirm the judgments.


Brian Quinn
Chief Justice


Do not publish.