ACCEPTED
06-14-00222-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/25/2015 2:34:30 PM
DEBBIE AUTREY
CLERK

## No. 06-14-00222-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/26/2015 11:52:00 AM
DEBBIE AUTREY
Clerk

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

_____

**TAMMY KAY TAYLOR,**

*Appellant*

**v.**

**THE STATE OF TEXAS,**

*Appellee*

_____

APPEAL FROM
THE 8TH DISTRICT COURT OF HOPKINS COUNTY, TEXAS
TRIAL COURT NO. 1423993

_____

**APPELLANT'S BRIEF**

_____

Wade A. Forsman
P.O. Box 918
Sulphur Springs, TX 75483-0918
903.689.4144, f. 903.689.7001
**wade@forsmanlaw.com**

Attorney for Appellant
Tammy Kay Taylor

ORAL ARGUMENT REQUESTED

**Appellant's Brief**

Pursuant to Texas Rule of Appellate Procedure 38(a), the following is a list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

**Appellant**
Tammy Kay Taylor

**Appellant's appellate counsel**
Wade A. Forsman
P.O. Box 918
Sulphur Springs, TX  75483-0918
903.689.4144 telephone
903.689.7001 facsimile
**wade@forsmanlaw.com**

**Appellant's trial counsel**
Ron Ferguson
Roland M. "Ron" Ferguson, Jr.
1804 Woodbridge Drive
Sulphur Springs, TX  75482
903.335.8412 telephone

**Appellee**
The State of Texas

**Appellee's trial & appellate counsel**
Will Ramsay
Hopkins County District Attorney
114 Main Street
Sulphur Springs, TX  75482
903.885.0641 telephone
903.885.0640 facsimile
**willramsay@suddenlinkmail.com**

# TABLE OF CONTENTS

Identity of Parties and Counsel …………………………………………………… i

Table of Contents ……………………………………………………… ii

Index of Authorities ……………………………………………… iii

Statement of the Case ……………………………………………….. 1

Issues Presented …………………………………………………... 2

> POINT OF ERROR NO. 1: The trial court erred in admitting testimony concerning an extraneous offense which the State failed to prove beyond a reasonable doubt as required by *Higginbotham v. State*, 356 S.W.3d 584 (Texarkana 2011, pet. ref'd).

> POINT OF ERROR NO. 2: The trial court erred in making a "Hardesty inference" because the allegedly stolen property was found in a place where at least two persons other than Appellant had an equal right and facility of access.

Statement of Facts ……………………………………………….. 3

Summary of the Argument……………………………………………… 5

Argument …………………………………………………............ 6

Prayer ……………………………………………………….. 9

Certificate of Word Count ………………………………………… 10

Certificate of Service………………………………………………...10

# INDEX OF AUTHORITIES

## Cases

*Blevins v. State*,
　　6 S.W.3d 566 (Tex. App. – Tyler 1999, pet. ref'd)…………………………… 9

*George v. State*,
　　890 S.W.2d 73 (Tex. Crim. App. 1994)…………………………………….. 7

*Hardesty v. State,*
　　656 S.W.2d 73 (Tex. Crim. App. 1983)…………………………………….. 8

*Higginbotham v. State*,
　　356 S.W.3d 584 (Texarkana 2011, pet. ref'd)……………………………… 7

*Pardee v. State*,
　　2012 Tex. App. LEXIS 6823
　　(Tex. App. – Texarkana Aug. 16, 2012, pet. ref'd)……………………….. 8,9

*Poncio v. State,*
　　185 S.W.3d 904 (Tex. Crim. App. 2006)…………………………………….8

## Statutes

TEX. PENAL CODE §31.03(c)(1)……………………………………………… 6,7

## Court Rules

Tex. R. App. P. 9.4(i)(3) ……………………………………………………… 9

TEX. R. APP. P. 38(a) ………………………………………………………… i

_____

In the

Sixth Court of Appeals

at Texarkana, Texas

_____

**Tammy Kay Taylor,**

*Appellant*

**v.**

**The State of Texas,**

*Appellee*

_____

Appeal from
the 8th District Court of Hopkins County, Texas
Trial Court No. 1423993

_____

**Appellant's Brief**

_____

## Statement Of The Case

This is an appeal from a conviction for burglary of a habitation, a second-degree felony, for which the trial court sentenced Appellant to fifteen (15) years of confinement in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ").

## ISSUES PRESENTED

POINT OF ERROR NO. 1: The trial court erred in admitting testimony concerning an extraneous offense which the State failed to prove beyond a reasonable doubt as required by *Higginbotham v. State*, 356 S.W.3d 584 (Texarkana 2011, pet. ref'd).

POINT OF ERROR NO. 2: The trial court erred in making a "Hardesty inference" because the allegedly stolen property was found in a place where at least two persons other than Appellant had an equal right and facility of access.

## STATEMENT OF FACTS

Mr. Jitendra Patel and his wife Ms. Jaya Patel have owned and operated a hotel in Sulphur Springs, Texas called the Royal Inn since February 1992 (Vol. 3; p. 34; l. 12, 21-24). The Patels also live there (Vol. 3; pp. 37-38; l. 15-3).

Beginning on October 22, 2013, Mr. Patel employed the defendant, Ms. Tammy Kay Taylor, to work at the front desk (Vol. 3; p. 36; l. 15, 21-22)(Vol. 3; p. 87; l. 12-15).

Mr. Patel went to India on December 3, 2013 (Vol. 3; p. 36; l. 25), and Ms. Patel went to India on December 20, 2013 (Vol. 3; p. 87; l. 20). Mr. Patel told his employees, including Taylor, that he was going to be gone until January 17, 2014 (App. 3; p. 37; l. 1-14).

Some time in December 2013 Taylor met Ms. Wanda Henderson. There was an ice storm at that time and Henderson, who had been taking care of an individual named Mr. Ron Hansen for about 10 years, put Hansen up at the Royal Inn because Hansen's home had no heat (Vol. 3; p. 122; l. 17-23). Henderson met Taylor while she was checking Hansen out of the Royal Inn and taking him back home (Vol. 3; p. 123-24; l. 13-20). It was at that time when Henderson broached the subject of Taylor and her husband working as live-in caretakers for Hansen, to which Taylor expressed an interest.

Sometime in January 2014, Taylor, who was accompanied by her husband, drove to Hansen's home in a pickup truck and spent two days "unload[ing] things" there (Vol. 3; p. 125; l. 1-18). According to Henderson, "On the second day when they [*i.e.,* Taylor and her husband] unloaded the suitcases, she [*i.e.,* Taylor] said they would be back Saturday to start the job [as live-in caretaker]" (Vol. 3; p. 134; l. 15-17).

When the Patels returned from India on January 17, 2014, they discovered that their dwelling place at the Royal Inn was in "chaos" (Vol. 3; p. 39; l. 21-25) (Vol. 3; p. 44; l. 11-15)(Vol. 3; pp. 88-89; l. 2-7, 23-19). Mr. Patel discovered that the bedrooms, as well as the back office, living room, and kitchen, had all been gone through or burglarized (Vol. 3; p. 40 l. 5-8).

Upon his return on January 17, 2014, Mr. Patel believed Taylor was still one of his employees (App. 3; p. 41; l 21-24). However, Taylor was not at the front desk (Vol. 3; p. 41; l. 25), and Mr. Patel never saw Taylor at the Royal Inn again (Vol. 3; pp. 66-67; l. 25-2), although Taylor informed Mr. Patel by telephone that she was out of town attending to some non-work-related matters (Vol. 3; p. 42; l. 3-10).

Taylor was later indicted for burglary of a habitation, a second-degree felony (Vol. 3; p. 8; l. 9-10)(Vol. 3; p. 25; l. 4-23). Trial was held on October 15, 2014 (Vol. 3; p. 1). Trial was before the Court instead of a jury (Vol. 3; p. 8; l. 11-17).

At trial, the State called an individual named Mr. Rupinderit Singh as a witness (Vol. 3; p. 181; 1; 7-8). Singh testified that he owns a convenience store in Sulphur Springs named Family Mart (Vol. 3; p. 182; l. 15-18). Singh also testified that Taylor worked there (Vol. 3; p. 183; l. 20), and that Taylor had stolen money from that business (Vol. 3; p. 183; l. 22-23).

The trial court found Taylor guilty of burglary of a habitation (Vol. 3; p. 216; l. 1). On November 10, 2014, the trial court sentenced Taylor to 15 years confinement with TDCJ (Vol. 4; pp. 20-21; l. 22-8).

## SUMMARY OF THE ARGUMENT

POINT OF ERROR NO. 1: The trial court erred in admitting testimony concerning an extraneous offense which the State failed to prove beyond a reasonable doubt as required by *Higginbotham v. State*, 356 S.W.3d 584 (Texarkana 2011, pet. ref'd).

POINT OF ERROR NO. 2: The trial court erred in making a "Hardesty inference" because the allegedly stolen property was found in a place where at least two persons other than Appellant had an equal right and facility of access.

POINT OF ERROR NO. 1: The trial court erred in admitting testimony concerning an extraneous offense which the State failed to prove beyond a reasonable doubt as required by *Higginbotham v. State*, 356 S.W.3d 584 (Texarkana 2011, pet. ref'd).

Taylor was indicted for burglary of a habitation. TEX. PEN. CODE §30.02. To be found guilty, the State had to prove that Taylor entered the habitation of another – in this case, the habitation of Mr. and Mrs. Patel -- with the intent to commit a felony there – in this case, theft. *Id.* at §30.02(a)(1).

Theft is defined in Section 31.03 of the Penal Code. Subsection (a) states, "A person commits an offense if [s]he unlawfully appropriates property with intent to deprive the owner of property." Subsection (b)(1) states, "Appropriation of property is unlawful if it is without the owner's effective consent."

**Subsection (c)(1) is what is at issue here**. Subsection (c)(1) states that for purposes of defining the word "appropriation" in subsection (b), "[E]vidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty[.]"

What TEX. PEN. CODE §31.03(c)(1) does not do is identify the level or quantum of extraneous offense evidence necessary for purposes of Subsection (c)(1).

Thus, the statute does not say whether an actual conviction is necessary, whether mere gossip or innuendo is necessary, or whether something in between is necessary.

Fortunately, this Court of Appeals addressed and answered this question in *Higginbotham v. State,* 356 S.W.3d 584 (Texarkana 2011, pet. ref'd). That case was brought by a certain Mr. Billy R. Higginbotham, Jr., who appealed his conviction for theft. In that case, this Court of Appeals was called upon to resolve the following dispute:

> Higginbotham argues that the trial court erred in admitting testimony concerning an extraneous offense, which the State failed to prove beyond a reasonable doubt. The State responds that neither TEX. PENAL CODE ANN. § 31.03(c)(1) nor TEX. R. EVID. 404(b) requires such extraneous offenses to be proven beyond a reasonable doubt. . . The State claims it was not obligated to prove the extraneous offenses beyond a reasonable doubt.

*Id.* at 590-91. The dispute in *Higginbotham* arose in pertinent part from the State's proffer of a witness named Randall Allen York, who testified about similar events – namely, construction work – to those forming the basis of Higginbotham's theft conviction. This Court then ruled:

> Although . . . TEX. PENAL CODE ANN. § 31.03(c)(1) . . . [does not] explicitly provide that extraneous evidence at the guilt/innocence phase must be proven beyond a reasonable doubt, it is well-established that such a requirement is implied. *See, e.g., George v. State,* 890 S.W.2s 73, 76 (Tex. Crim. App. 1994) (**extraneous offenses introduced at guilt/innocence must be proven beyond a reasonable doubt**).

We agree with Higginbotham that the extraneous offense of theft . . . was not proven beyond a reasonable doubt. **The trial court erred in admitting York's testimony.**

*Id.* at 591-92 (emphasis added). Similarly here, there is no finding from the trial court that Taylor had committed theft at the Family Mart. Nor is there any evidence that Taylor was ever convicted, indicted, or even arrested for any theft from Family Mart.

> POINT OF ERROR NO. 2: The trial court erred in making a "Hardesty inference" because the allegedly stolen property was found in a place where at least two persons other than Appellant had an equal right and facility of access.

> In *Pardee v. State*, 2012 Tex. App. LEXIS 6823, *4 (Tex. App. – Texarkana Aug. 16, 2012, pet. ref'd), this Court wrote, "It is well established that when a suspect is found in possession of recently-stolen property and he fails to provide a reasonable explanation for his possession of that property, the fact-finder is permitted to draw an inference of guilt." *Id.* at *4 (citing *Poncio v. State,* 185 S.W.3d 904, 905 (Tex. Crim. App. 2006); *Hardesty v. State,* 656 S.W.2d 73, 76-77 (Tex. Crim. App. 1983)).

> Unfortunately for the State, that does not end the analysis. That is because this Court went on to state the following in *Pardee*:

> No inference of guilt can be raised where police found the stolen property in a place **where others have an equal right and facility of access**.

*Pardee*, 2012 Tex. App. at *4 (emphasis added)(*citing Blevins v. State*, 6 S.W.3d 566, 569-70 (Tex. App. – Tyler 1999, pet. ref'd)).

In this case, the evidence is uncontroverted that at least two other individuals – Hansen and Henderson – had access that, at a minimum, was equal to Taylor's.

### PRAYER

WHEREFORE, premises considered, Appellant, Tammy Kay Taylor, respectfully requests that the judgment of the trial court be reversed and remanded for new trial, and/or for such other and further relief to which he may establish himself entitled.

Respectfully submitted,

By: __*/s/ Wade A. Forsman*_
**Wade A. Forsman**
State Bar No. 07264257
P.O. Box 918
Sulphur Springs, TX  75483-0918
903.689.4144 East Texas
972.499.4004 Dallas/Fort Worth
903.689.7001 Facsimile
wade@forsmanlaw.com

Attorney for Appellant
Tammy Kay Taylor

## CERTIFICATE OF WORD COUNT

Pursuant to Tex. R. App. P. 9.4(i)(3), this document contains **2,190** words.

_/s/ Wade A. Forsman_
**Wade A. Forsman**

## CERTIFICATE OF SERVICE

This is to certify that on **February 25, 2015**, I served a true and correct copy of the above and foregoing *Appellant's Brief* by email on Will Ramsay, District Attorney, at 114 Main Street, Sulphur Springs, Texas 75482.

_/s/ Wade A. Forsman_
**Wade A. Forsman**